J. DUNCAN CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3152.   Promulgated January 13, 1928.

*Andrew H. Paton, Esq.*, for the petitioner.
*Shelby S. Faulkner, Esq.*, for the respondent.

OPINION.

MORRIS: The first error assigned relates to the exclusion from invested capital of $38,921.68, the depreciated value of patterns paid in for stock. The issue is solely one of fact as to the value of such patterns on October 1, 1912. We have found as a fact that such patterns had a value on that date of $38,850. The depreciated value of such patterns should be included in invested capital for 1919.

In accordance with the stipulation of the parties, depreciation at the rate of 4 per cent should be allowed on the above value of the patterns.

The third error alleged was the understatement of invested capital by the omission of $5,000 earned surplus. The facts are that the stockholders endorsed and returned two quarterly dividend checks to the corporation for the purpose of meeting the payments on a new building. Their accounts were credited with the amounts of the dividend. We are of the opinion that such amounts constitute borrowed capital and can not, therefore, be included in invested capital. Cf. *Appeal of Kelly-Buckley Co.*, 1 B. T. A. 1154; *Appeal of Wm. H. Davidow Sons Co.*, 1 B. T. A. 1215.

In addition to $9,925.30, the amount allowed by the respondent as the petitioner's opening inventory for 1919, purchases were made late in 1918 amounting to $8,558.77. Purchases representing $7,754.77 of this amount were on hand or in transit on December 31, 1918. The difference of $804 was the cost of certain castings used in the manufacture of 800 switches at an additional cost of $396, the total of which, or $1,200, the petitioner contends should also be included in the inventory. The record shows, however, that these switches were shipped on December 31, 1918. They, therefore, should not be included in the 1918 closing inventory. The closing inventory for 1918 should be increased by $7,754.77 over the amount allowed by the respondent.

The parties stipulated the remaining assignments of error as set out in the findings of fact. The tax should be recomputed in accordance with the foregoing decision and the stipulation.

*Judgment will be entered on 15 days' notice, under Rule 50.*